**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David James,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Apache Junction, et al.,<br><br>　　　　　Defendants. | No. CV-23-00832-PHX-KML<br><br>**ORDER** |

The court granted in part defendants' motion for summary judgment and motion to dismiss, dismissing both of plaintiff David James's federal claims. (Doc. 77.) The court deferred ruling on the rest of both motions pending the parties' statements addressing whether it should exercise supplemental jurisdiction over the remaining state-law claims. (Doc. 77 at 16–17.) James seeks remand to state court (Doc. 78) while defendants argue the court should retain supplemental jurisdiction and grant summary judgment on the remaining state-law claims (Doc. 79).

In the previous order, the court favored declining jurisdiction over the remaining claims because there was a controlling and novel question of state law at issue: whether the notice of claim James submitted to defendant City of Apache Junction was valid. (Doc. 77 at 16–17.) Defendants concede this issue "would generally favor remand" but they "will abandon the argument" to avoid remand to state court. (Doc. 79 at 2.) They further contend issue preclusion resolves the merits of all remaining state-law claims. (Doc. 79 at 2–8.)

Determining whether to retain jurisdiction requires the court to weigh a variety of

factors, including convenience and comity. *See Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 24 F.3d 1545, 1557 (9th Cir. 1994) (simplified), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008)). But as the Supreme Court has recognized, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute on other grounds by* 28 U.S.C. § 1447(c). The Supreme Court recently reiterated that when, as here, "federal law is not where the real action is," the case should ordinarily be "kick[ed] . . . to state court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025.) Defendants do not provide any convincing basis to apply anything other than the ordinary rule. (*See* Doc. 79 at 8–10.)

State courts are better positioned to interpret and apply Arizona law, regardless of the notice of claim issue. *See Vo v. Choi*, 49 F.4th 1167, 1173–74 (9th Cir. 2022) ("[N]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law by the state courts.") (simplified). The state court is better suited to resolve the state-law claims and is equally capable of determining the applicability of issue preclusion.

/
/
/
/
/
/
/
/
/

1     Accordingly,

2     **IT IS ORDERED** the remaining portions of the motion to dismiss (Doc. 28) and motion for summary judgment (Doc. 67) are **DENIED WITHOUT PREJUDICE** to renewal in state court.

    **IT IS FURTHER ORDERED** this case is **REMANDED** to the Pinal County Superior Court. The Clerk of Court shall close this case.

    Dated this 20th day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge